**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In re:   Todd Michael Magers<br>Theresa Elizabeth Magers | : | Case No.   14-55544 |
| | : | Chapter 13 |
| | : | Judge   Charles M. Caldwell |
| Debtor(s) | | |

# CHAPTER 13 PLAN

**NOTE**: The term "Debtor" as used throughout this Plan shall reference either a single debtor or joint debtors. The term "Plan" shall refer to the plan filed in this case, as it may be amended, using the mandatory form plan adopted in this Division. All references to section (§) numbers are to sections of the United States Bankruptcy Code, 11 U.S.C. section § 101, et seq. The term "BR" shall refer to the Federal Rules of Bankruptcy Procedure. The term "LBR" shall refer to the Local Bankruptcy Rules of the Southern District of Ohio.

☒ **Amended Plan**

All pre-confirmation amendments to an original Mandatory Form Plan shall be accomplished by filing a complete Plan with the changes highlighted or reflected in bold or italic typeface.

| | | |
|---|---|---|
| ☒ Above Median Income<br>☐ Below Median Income | Insolvent unless otherwise marked below:<br>☐ Solvent Estate | Dividend to unsecured creditors:<br>26.00 % |

Debtor claims to be eligible for discharge under § 1328(f) unless otherwise marked below:
   ☐ Debtor is not eligible for discharge under § 1328(f)
   ☐ Joint Debtor is not eligible for discharge under § 1328(f)

Debtor
   (1) filed a voluntary petition for relief under Chapter 13 of the Bankruptcy Code on    August 5, 2014
   **OR**
   (2) converted this case to a case under Chapter 13 on   _____   ("Petition Date").

**MANDATORY FORM PLAN (10/01/2010) Revised 04/01/2012**

A.   **PAYMENTS**

   A(1).   **Plan Payments.**

   The future earnings of Debtor are submitted to the supervision and control of the Trustee. Debtor shall pay the Trustee the sum of $ <u>1,340 per month for 1 month, then $3,092 per month for 2 months, then $3,329 per month for 48 months, then $3,667 for the remaining months.</u> per month (enter all step-payments), for a period not to exceed sixty months. Debtor shall commence payments within thirty days of the Petition Date, and distributions shall begin upon confirmation pursuant to § 1326(a). The effective date of the Plan shall be the date of entry of an order confirming the Plan.

   From the payments so received, the Trustee shall make disbursements, subject to the Trustee's fee. The disbursement schedule is dependent upon receipt of regular monthly Plan payments. Any increases to monthly mortgage or escrow payments without corresponding changes to the Plan payment may impact the disbursement schedule. The Trustee has the discretion to calculate the amount and timing of distributions as is administratively efficient.

   A(2).   **Pre-Confirmation Adequate Protection Payments/Lease Payments.**

   The following pre-confirmation adequate protection payments on claims secured by personal property and pre-confirmation lease payments for leases of personal property shall be paid by the Trustee, subject to his full fees, to the creditors listed below. Except as provided by § 501(c), secured creditors must file a proof of claim to receive payment. Unless otherwise ordered by the Court, these payments will be retained by the Trustee until confirmation and distributed after confirmation. If the case is dismissed or converted prior to confirmation, the Trustee will distribute the retained payments, pro rata, based on the adequate protection payment amounts.

| Creditor | Property Description | Monthly Adequate Protection Payment |
|---|---|---|
| Wfs Financial/Wachovia Dealer Srvs | 2011 Chevrolet Tahoe | $50.00 |
| Capital One/Suzuki | 2006 Suzuki ATV | $20.00 |
| Weisfield Jewelers/Sterling | Jewelry | $10.00 |

   A(3). **Administrative Expenses, Attorney Fees, and § 1326 (b) Priority Payments.**

   Administrative expenses, unitemized attorney fees, itemized attorney fees under LBR 2016-1(b)(2)(B), and priority payments as required by § 1326(b) shall be paid concurrently with Class 2 claims. The total unitemized attorney fee for services (not to exceed the amount set forth in LBR 2016-1(b)(2)(A)), or the estimated itemized fee under LBR 2016-1(b)(2)(B) is $ <u>  3,500.00  </u>.

Debtor's attorney received $ <u>  950.00  </u> prior to the Petition Date. The Trustee shall disburse a minimum monthly amount of $ <u>  170.00  </u> to Debtor's attorney until the balance of

**MANDATORY FORM PLAN (10/01/2010) Revised 04/01/2012**

$ __2,550.00__    is paid in full. Fees for independent appraisals of real estate and utility deposits will be paid as administrative expenses pursuant to § 503 upon the timely filing of a proof of claim. The Trustee may pay in one lump sum any administrative claim that is less than $500.00.

MANDATORY FORM PLAN (10/01/2010) Revised 04/01/2012

**B. CLASS 1—CLAIMS SECURED BY REAL PROPERTY**

Except as set forth in section B(3), all secured creditors secured only by a security interest in real property shall retain their liens until the later of issuance of a discharge or payment of the underlying debt as determined under non-bankruptcy law.

**B(1). Mortgage Payments Outside the Plan.**

Regular monthly payments on the following mortgage claims will be paid directly by Debtor, if direct payments are permitted by LBR 3015-1(d)(1):

| Creditor | Property Address |
|---|---|
|  |  |

**B(2). Conduit Mortgage Payments.**

Regular mortgage payments on the following mortgage claims will be paid on a conduit basis by the Trustee, subject to his full fees, beginning with the first calendar month after the Petition Date, if conduit payments are required by LBR 3015-1(d)(1) or proposed by Debtor. Confirmation of the Plan shall impose an affirmative duty and legal obligation on the holders and/or servicers of mortgage claims to do all of the following, unless the case is dismissed or converted:

    (a)    Apply the post-petition conduit mortgage payments as post-petition monthly payments of principal and interest on the mortgage note, and, if applicable, as post-petition monthly payments of escrowed items such as insurance and/or real estate taxes. If such payments are placed into a suspense, forbearance or similar account, they will be deemed to have been applied pursuant to this subsection.

    (b)    Apply the payments received from the Trustee for payment on the arrearage, if any, only to such arrearage. The arrearage shall be deemed paid in full upon the entry of the discharge order in this case, unless otherwise ordered by the Court

    (c)    Deem the pre-petition arrearage contractually current upon confirmation of the Plan so as to preclude the imposition of late payment charges or other default-related fees and services.

    (d)    File and serve a Notice of Mortgage Payment Change on Official Form 10S1, within the deadline and in compliance with the service requirements set forth in BR 3002.1(b), to reflect any changes in the monthly mortgage payments or escrow amounts that occur during the term of the Plan. Upon the filing of a Notice of Mortgage Payment Change, the Plan shall be deemed modified to permit the Trustee to disburse the amended payment amount.

| Creditor | Property Address | Monthly Conduit Mortgage Payment |
|---|---|---|
| Bank of America | 8245 Martinsburg Rd<br>St. Louisville, OH 43071 | $1,765.20 |
| Wells Fargo Home Mortgage | 8245 Martinsburg Rd<br>St. Louisville, OH 43071 | $235.10 |

MANDATORY FORM PLAN (10/01/2010) Revised 04/01/2012

**B(3).    Liens and/or Mortgages to be Paid as Unsecured Claims.**

The following claims secured by a lien and/or mortgage will be paid as unsecured claims concurrent with Class 5 general unsecured claims.  Debtor shall file a separate motion or adversary proceeding to determine: (i) whether the property listed below vests free and clear of the lien(s) and/or mortgage(s) pursuant to § 1327 or (ii) whether the lien(s) and/or mortgage(s) listed below may be avoided pursuant to other applicable provisions of the Bankruptcy Code.  Notwithstanding § 1327(a), confirmation of the Plan shall not be dispositive of:  (i) the valuation of the collateral or (ii) the secured status of the claims.  Debtor has standing and authority to file the motion or adversary proceeding; to the extent that the Trustee has standing to bring such action, standing is hereby assigned to Debtor.

| Creditor | Property Address |
|---|---|
|  |  |

**B(4).    Liens and/or Mortgages Which May Be Modified.**

Liens and/or mortgage claims listed in this subsection consist of any claims secured by real property *that is not the Debtor's principal residence* or secured by other assets in addition to the residence. To the extent the claim of the lien holder and/or the mortgage claim holder is in excess of the value of the estate's interest in the collateral, the balance shall be treated as a Class 5 general unsecured claim.  Unless otherwise stipulated or determined by order of the Court, the real property shall be valued for purposes of § 506 as set forth by Debtor below.

| Creditor | Property Address | Value of Collateral | Interest Rate | Minimum Monthly Payment |
|---|---|---|---|---|
|  |  |  |  |  |

**B(5).  Real Property to be Surrendered.**

(a) Debtor will surrender the following real property and any resulting deficiency balance shall be treated as a Class 5 general unsecured claim.

| Creditor | Property Address |
|---|---|
|  |  |

(b) The Trustee shall not pay any claims secured by this real property until a timely filed secured proof of claim is amended to set forth the unsecured deficiency balance after disposition of the real property. Such amendments shall be filed no later than 365 days after confirmation of the Plan; amendments filed after that date shall be deemed disallowed and subject to discharge under § 1328 unless otherwise ordered by the Court. The Trustee will make no distributions in respect of mortgage payments, mortgage arrearages, or real estate taxes on surrendered real property, unless otherwise provided in the Plan or by order of the Court.

(c) Upon confirmation of the Plan, the automatic stay of § 362 shall be deemed modified to allow *in rem disposition* of the real property as necessary to effect the surrender.

NOTE: If, at any time after confirmation, sufficient funds are not available to make a full monthly payment on all Class 1 claims, at the Trustee's discretion, the available funds will be distributed pro rata on Class 1 claims. Any post-petition mortgage arrearages will be paid prior to payment of Class 2 claims.

**C.  CLASS 2—CLAIMS SECURED BY PERSONAL PROPERTY; UNEXPIRED LEASES**

**C(1).  Lien Retention and Interest.**

All secured creditors secured only by a security interest in personal property shall retain their liens until the earlier of issuance of a discharge or payment of the underlying debt as determined under non-bankruptcy law. Unless otherwise stipulated or provided for below, secured creditors shall be paid interest at the rate of __8.00__ %.

**C(2).  To Be Paid in Full (i.e., § 506 Does Not Apply).**

The Trustee shall pay the following claims in full:

| Creditor | Property Description | Purchase Date | Estimated Claim Amount | Interest Rate | Minimum Monthly Payment |
|---|---|---|---|---|---|
| Wfs Financial/ Wachovia Dealer Srvs | 2011 Chevrolet Tahoe | May 1, 2014 | $31,627.00 | 8.00% | $595.00 |

**MANDATORY FORM PLAN (10/01/2010) Revised 04/01/2012**

### C(3). Claims to Which § 506 Applies.

Claims listed in this subsection consist of any claims secured by personal property not described above. To the extent a secured creditor's claim is in excess of the collateral value, the balance shall be treated as a Class 5 general unsecured claim. Unless otherwise stipulated or determined by order of the Court, the personal property shall be valued for purposes of § 506 at the lower of the creditor's valuation set forth on its proof of claim or the valuation set forth by Debtor below:

| Creditor | Property Description | Purchase Date | Value of Collateral | Interest Rate | Minimum Monthly Payment |
|---|---|---|---|---|---|
| Capital One/ Suzuki | 2006 Suzuki ATV | Apr 1, 2006 | $2,500.00 | 8.00% | $286.50 |
| Weisfield Jewelers/ Sterling | Jewelry | Nov 1, 2008 | $351.00 | 8.00% | $24.79 |

### C(4). Personal Property to be Surrendered

Debtor will surrender the following property and any resulting deficiency balance shall be treated as a Class 5 general unsecured claim:

| Creditor | Property Description |
|---|---|
|  |  |

### C(5). Executory Contracts and Vehicle Leases.

(a) Debtor rejects the following executory contract(s) and/or vehicle lease(s) and any resulting claim shall be treated as a Class 5 general unsecured claim:

| Creditor | Property Description |
|---|---|
|  |  |

(b) Debtor assumes the executory contract(s) and/or vehicle lease(s) listed below The Trustee shall pay vehicle lease payments unless otherwise ordered by the Court. Debtor shall pay all other lease or executory contract payments unless otherwise specified below. All payments under this section will begin the first calendar month following the Petition Date.

| Creditor | Property Description | Termination Date | Monthly Payment Amount To be Paid Directly by Debtor | Monthly Payment Amount To be Paid by Trustee |
|---|---|---|---|---|
|  |  |  |  |  |

**MANDATORY FORM PLAN (10/01/2010) Revised 04/01/2012**

**NOTE**: If at any time after confirmation sufficient funds are not available to make a full monthly payment on all Class 2 claims, at the Trustee's discretion, the available funds will be paid pro rata on Class 2 claims and administrative expense claims.

**D.    CLASS 3—PRIORITY CLAIMS AND DOMESTIC SUPPORT OBLIGATIONS**

**D(1).   Priority Claims.**

Class 3 claims will be paid pro rata and concurrently with Class 4 claims.  All allowed claims entitled to priority under § 507(a) shall be paid in full unless: (i) otherwise provided for in § 1322(a), or (ii) the holder of a particular claim agrees to a different treatment of its claim.  Any and all pre-petition penalties, and post-petition penalties and interest, that have accrued or will accrue on any such claims shall be treated as Class 5 general unsecured claims and shall not be entitled to priority.

**D(2).   Domestic Support Obligations.**

(a)    Domestic support obligations (DSOs) are defined in § 101(14A).  Debtor shall pay all post-petition DSOs directly to the DSO creditor and not through the Trustee.  Upon completion of the Plan, Debtor shall certify to the Court that all payments on post-petition DSOs have been made.  If Debtor becomes subject to a DSO during the term of the Plan, Debtor shall file with the Court and serve on the Trustee a notice reflecting the nature of the DSO, and the name and address of the DSO creditor.

Pre-petition arrearages on DSOs shall be paid as follows:

| Name of DSO Creditor | Name & Address of CSEA | Estimated Arrearage Amount, if any, to be Paid Directly by Debtor | Estimated Arrearage Amount, if any, to be Paid by Trustee |
|---|---|---|---|
|  |  |  |  |

(b)    Name of governmental unit to which a DSO has been assigned, or is owed, or is recoverable by, and the estimated amount of the DSO:

| Creditor | Governmental Unit | Estimated DSO Amount | To be Paid Directly by Debtor | To be Paid by Trustee |
|---|---|---|---|---|
|  |  |  |  |  |

MANDATORY FORM PLAN (10/01/2010) Revised 04/01/2012

E. **CLASS 4—SECURED CLAIMS NOT OTHERWISE DESIGNATED**

    **E(1). Payment of Class 4 Claims.**

Class 4 claims including itemized post-confirmation attorney fees per LBR 2016-1(c), pre-petition mortgage arrearages, pre-petition and post-petition lease arrearages, real estate taxes and other secured claims not otherwise designated shall be paid pro rata, concurrently and in full with Class 3 claims.

**NOTE**: No interest shall be paid on any pre-petition mortgage arrearages as part of the cure of the default if the mortgage was executed after October 22, 1994.

    **E(2). Pre-Petition Arrearages on Real Estate Mortgage(s).**

The Trustee shall distribute payments to cure the following pre-petition mortgage arrearages:

| Creditor | Property Address | Estimated Arrearage Amount |
|---|---|---|
| Bank of America | 8245 Martinsburg Rd St. Louisville, OH 43071 | $2,039.81 |
| Wells Fargo Home Mortgage | 8245 Martinsburg Rd St. Louisville, OH 43071 | $244.50 |

    **E(3). Arrearages on Assumed Leases and Executory Contracts.**

The Trustee shall distribute payments to cure the following arrearages on assumed leases and/or executory contracts:

| Creditor | Property Address/Description | Estimated Arrearage Amount |
|---|---|---|
|  |  |  |

F. **CLASS 5—GENERAL UNSECURED CLAIMS**

    **F(1). Unsecured Dividend.**

After payment of allowed claims in Classes 1, 2, 3 and 4, allowed general unsecured claims shall be paid a dividend as provided on page one of the Plan.

Notwithstanding the expiration of the claims bar date, the Trustee is authorized to modify the Plan post-confirmation to ensure that plan length meets the "applicable commitment period" provided by § 1325(b) by filing a motion with the Court.

    **F(2). Solvency.**

**MANDATORY FORM PLAN (10/01/2010) Revised 04/01/2012**

If this is a solvent estate, all general unsecured claims shall be paid in full with interest at __4.00__ %, unless otherwise provided.

**MANDATORY FORM PLAN (10/01/2010) Revised 04/01/2012**

### G. MISCELLANEOUS PROVISIONS

**G(1). Co-Debtor Claims not Otherwise Provided for in the Plan.**

(a) The following co-debtor claims will be paid in full by the Trustee concurrently with Class 4 claims to protect the co-debtor:

| Creditor | To be Paid in Full with Interest at Rate Specified Below | Minimum Monthly Payment, if Applicable |
|---|---|---|
|  |  |  |

(b) The following co-debtor claims will be paid as follows:

| Creditor | To be Paid by Co-Debtor Outside the Plan | To be Paid Same Dividend as General Unsecured Claims |
|---|---|---|
|  |  |  |

**G(2). Sale of Property.**

Debtor proposes to sell the real or personal property described below following Trustee and/or Court approval as required by LBR 6004-1(c)–(d). Debtor shall commit the net proceeds as follows:

| Property Address/ Description | Date by Which Sale Shall be Completed | Estimated Net Proceeds | Disposition of Net Proceeds |
|---|---|---|---|
|  |  |  |  |

**G(3). Tax Returns.**

All required tax returns have been filed except as provided below:

| Tax Agency | Type of Tax | Tax Period | Date Return will be Filed |
|---|---|---|---|
|  |  |  |  |

### G(4). Vesting.

Unless marked below, confirmation of the Plan vests all property of the estate in Debtor free and clear of any claim or interest of any creditor provided for by the Plan pursuant to § 1327(b) and (c).

☐ Property of the estate shall not vest in Debtor upon confirmation but shall remain property of the estate until the case is dismissed, converted, or a discharge is issued, whichever occurs first.

### G(5). Other Events.

If any of the following occurs, Debtor shall fully and timely disclose the event to the Trustee and shall file any appropriate notice, application and/or motion with the Trustee and/or Court:

- Any change in marital status or child/spousal support payments;
- Any change in employment;
- Any change of address; and/or
- Any financial recovery to which Debtor becomes entitled for any reason, including without limitation, any personal injury claim, employment claim, workers' compensation claim, unemployment claim, inheritance, life insurance benefits, lottery proceeds or property settlement.

### G(6). Insurance Information.

As of the Petition Date, Debtor's property is insured as follows:

| Property Address/ Description | Insurance Company | Policy Number | Full/Liability | Agent and Contact Information |
|---|---|---|---|---|
| 8245 Martinsburg Road, St. Louisville, OH 43071 | State Farm Ins. | 35-377129-7 | Full | Bill Stevenson 1109 Hebron Road Heath, OH 43056 740-788-8000 |
| 2011 Chevrolet Tahoe | State Farm Ins. | 511-3771-E02-35Q | Full | Bill Stevenson 1109 Hebron Road Heath, OH 43056 740-788-8000 |

### G(7). Casualty Loss Insurance Proceeds (Substitution of Collateral).

If a motor vehicle is substantially damaged while subject to an unpaid secured claim, Debtor shall have the option, upon the filing of an appropriate motion, of using the proceeds of any insurance payable due to loss of the vehicle to: (i) repair the vehicle, (ii) pay off the balance of the secured claim if the secured creditor is a named loss payee on the policy, or (iii) substitute the collateral by purchasing a replacement vehicle. If Debtor purchases a replacement vehicle, the vehicle shall have a value not less than the balance of the unpaid secured claim, the lien of the creditor shall be transferred to the replacement vehicle, and the Trustee will continue to pay the allowed secured claim. Debtor may not purchase a replacement vehicle without Trustee and/or Court approval as required by LBR 4001-3(b)–(d).

### G(8). Post-Petition Debt.

Debtor shall not incur any non-emergency consumer debt in excess of $1,000 without Trustee and/or Court approval. LBR 4001-3(b)–(d).

## H. SPECIAL PROVISIONS

The Special Provisions listed below, if any, are restricted to those items applicable to Debtor's particular circumstances.

**NOTE**: Special Provisions shall **NOT** contain a restatement of provisions of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure or the Local Bankruptcy Rules, nor shall this section contain boilerplate language regarding the treatment of mortgages, mortgage arrearages, proofs of claim, consumer protection provisions or the like. *See* General Order No. 7.

| Special Provisions: | |
|---|---|
| 1. | Debtor's shall make plan payments in the amount set forth in this Plan for no less than the applicable commitment period, but not to exceed 60 months. The dividend to be paid to unsecured creditors shall be no less than the dividend set forth on page one of the plan. |
| 2. | Student Loans - any student loan creditor shall be permanently enjoined from charging late fees, collection fees, or any other penalties based solely upon its pro rata Chapter 13 Plan distributions being less than the minimum monthly payments it would otherwise be contractually entitled to during the life of the plan. |
| 3. | Debtors paid Bank of America $1,765.20 directly during the the first month of the plan. |
| 4. | Debtors paid Wells Fargo Home Mortgage $235.10 per month during the first 3 months of the plan. |

The undersigned hereby certify(ies) that the Plan does not contain any alterations to the text of the Mandatory Form Plan, except as authorized by order of the Court.

| Case Attorney: |
|---|
| /s/ Robert B. Handelman |

Dated:        November 21, 2014

**MANDATORY FORM PLAN (10/01/2010) Revised 04/01/2012**

| **Debtor** | | **Joint Debtor** | |
|---|---|---|---|
| /s/ Todd Michael Magers | | /s/ Theresa Elizabeth Magers | |

Dated:      November 21, 2014            Dated:      November 21, 2014

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | : | Case No. 14-55544 |
| | : | |
| TODD MICHAEL MAGERS | : | Chapter 13 |
| THERESA ELIZABETH MAGERS | : | |
| | : | |
| *Debtors.* | : | Judge Charles M. Caldwell |

**NOTICE AND CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true copy of the foregoing Amended Chapter 13 Plan has been served on the parties whose names and addresses are listed below, as and for NOTICE that the attached request for relief has been filed. The undersigned will present to the Court a proposed Order granting relief sought unless within twenty one (21) days after this date a written Memorandum in opposition, along with a request for a hearing on such opposition, is filed with the Court and served on the undersigned.


Dated:  November 21, 2014               /s/ Robert B. Handelman
                                       Robert B. Handelman   (0025619)
                                       *Attorney for Debtors*
                                       Handelman Law Office
                                       29 S. Park Place
                                       Newark, OH  43055
                                       (740) 349-8581
                                       robert@handelmanlawoffice.com


Names and addresses of
parties served:

**Electronically:**
Frank M. Pees, Chapter 13 Trustee
Office of the Assistant U.S. Trustee
Robert B. Handelman, Attorney for Debtors
Edward A. Bailey, Attorney for Bank of America
Edward Henry Cahill, Attorney for Sparta GP Holding REO

**US Regular Mail:**
Todd & Theresa Magers, Debtors

All creditors (list attached)

```
Label Matrix for local noticing          Acs/CLC College Loan                    Allied Interstate
0648-2                                   501 Bleeker Street                      P.O. Box 4000
Case 2:14-bk-55544                       Utica, NY 13501-2401                    Warrenton, VA 20188-4000
Southern District of Ohio
Columbus
Wed Oct  1 10:46:50 EDT 2014

American Eagle GECRB                     American Express                        American Express Centurion Bank
Ge Capital Retail Bank/Attention: Bankru P.O. Box 3001                           c/o Becket and Lee LLP
P.O. Box 103104                          16 General Warren Blvd                  POB 3001
Roswell, GA 30076-9104                   Malvern, PA 19355-1245                  Malvern  PA 19355-0701


Asst US Trustee (Col)                    Bank of America                         Best Buy/cbna
Office of the US Trustee                 Attn: Correspondence Unit/CA6-919-02-41 50 Northwest Point Road
170 North High Street                    P.O. Box 5170                           Elk Grove Village, IL 60007-1032
Suite 200                                Simi Valley, CA 93062-5170
Columbus, OH 43215-2417


Bill Me Later                            Bradford Exchange                       COLLEGE LOAN CORP "On behalf of MHEAC d
P.O. Box 105658                          9307 N. Milwaukee Ave                   c/o Keith Coburn
Atlanta, GA 30348-5658                   Niles, IL 60714-1381                    MHEAC d/b/a ASA
                                                                                 100 Cambridge Street, Suite 1600
                                                                                 Boston, MA 02114-2518

Capital One                              Capital One Bank                        Capital One/Suzuki
P.O. Box 30253                           Attn: Bankruptcy Dept.                  P.O. Box 5253
Salt Lake City, UT 84130-0253            P.O. Box 30285                          Carol Stream, IL 60197-5253
                                         Salt Lake City, UT 84130-0285


Chase                                    Chase Bank                              (p)CITIBANK
P.O. Box 15298                           P.O. Box 15298                          PO BOX 790034
Wilmington, DE 19850-5298                Wilmington, DE 19850-5298               ST LOUIS MO 63179-0034




Citizens Financial Services              Comenity Bank/Bealls Florida            Comenity Bank/Carter Lumber
3 Public Square                          Attention: Bankruptcy                   Attn: Bankruptcy
Mount Vernon, OH 43050-3210              P.O. Box 182686                         P.O. Box 182686
                                         Columbus, OH 43218-2686                 Columbus, OH 43218-2686


(p)DELL FINANCIAL SERVICES               Department Stores National Bank/Macys   Dept of Ed/Sallie Mae
P O BOX 81577                            Bankruptcy Processing                   11100 Usa Pkwy
AUSTIN TX 78708-1577                     Po Box 8053                             Fishers, IN 46037-9203
                                         Mason, OH 45040-8053



Discover Bank                            (p)DISCOVER FINANCIAL SERVICES LLC      Dsnb Macys
DB Servicing Corporation                 PO BOX 3025                             P.O. Box 17759
PO Box 3025                              NEW ALBANY OH 43054-3025                Clearwater, FL 33762-0759
New Albany OH   430543025



EIS Collections                          GECRB/ Old Navy                         GECRB/ PayPal Buyer credit
P.O. Box 1730                            Attention: GEMB                         Attn: Bankruptcy
Reynoldsburg, OH 43068-8730              P.O. Box 103104                         P.O. Box 103104
                                         Roswell, GA 30076-9104                  Roswell, GA 30076-9104
```

| | | |
|---|---|---|
| GECRB/Amazon<br>Attn: Bankruptcy<br>P.O. Box 103104<br>Roswell, GA 30076-9104 | GECRB/Care Credit<br>Attn: Bankruptcy<br>P.O. Box 103104<br>Roswell, GA 30076-9104 | GECRB/JC Penney<br>Attention: Bankruptcy<br>P.O. Box 103104<br>Roswell, GA 30076-9104 |
| GMG Physician Services<br>945 Bethesda Drive, Suite 200<br>Zanesville, OH 43701-1880 | Gemb/Walmart<br>Attn: Bankruptcy<br>P.O. Box 103104<br>Roswell, GA 30076-9104 | (p)INTERNAL REVENUE SERVICE<br>CENTRALIZED INSOLVENCY OPERATIONS<br>PO BOX 7346<br>PHILADELPHIA PA 19101-7346 |
| Kohls<br>P.O. Box 3115<br>Milwaukee, WI 53201-3115 | Kohls/capone<br>N56 W. 17000 Ridgewood Dr<br>Menomonee Falls, WI 53051-7096 | Navient Solutions, Inc. on behalf of GLHEC<br>2401 International Lane<br>Madison, WI 53704-3121 |
| Quantum3 Group LLC as agent for<br>Comenity Bank<br>PO Box 788<br>Kirkland, WA  98083-0788 | Quantum3 Group LLC as agent for<br>Comenity Capital Bank<br>PO Box 788<br>Kirkland, WA  98083-0788 | Rise<br>4150 International Plaza, Suite 300<br>Fort Worth, TX 76109-4819 |
| Sallie Mae<br>Attn: Claims Department<br>P.O. Box 9500<br>Wilkes-Barre, PA 18773-9500 | State of Ohio Dept of Taxation<br>P.O. Box 530<br>Columbus, OH 43216-0530 | Sterling Jewelers dba KAY Jewelers<br>c/o Weltman Weinberg & Reis<br>323 W Lakeside Avenue<br>Cleveland Oh 44113-1085 |
| Syncb/TJ Maxx<br>P.O. Box 965005<br>Orlando, FL 32896-5005 | TD BANK USA, N.A.<br>C O WEINSTEIN,PINSON AND RILEY, PS<br>2001 WESTERN AVENUE, STE 400<br>SEATTLE, WA 98121-3132 | Td Bank Usa/Target Credit<br>P.O. Box 673<br>Minneapolis, MN 55440-0673 |
| Tractor Supply/cbsd<br>P.O. Box 6500<br>Sioux Falls, SD 57117-6500 | Universal One Credit Union<br>1 River Park Dr<br>P.O. Box 467<br>Dayton, OH 45409-0467 | Webbank/Fingerhut<br>6250 Ridgewood Rd<br>Saint Cloud, MN 56303-0820 |
| Weisfield Jewelers/Sterling Jewelers Inc<br>Attn: Bankruptcy<br>P.O. Box 1799<br>Akron, OH 44309-1799 | Wells Fargo Bank, N.A.<br>P.O. Box 19657<br>Irvine, CA 92623-9657 | Wells Fargo Home Mortgage<br>P.O. Box 10335<br>Des Moines, IA 50306-0335 |
| Wfs Financial/Wachovia<br>P.O. Box 1697<br>Winterville, NC 28590-1697 | Wfs Financial/Wachovia Dealer Srvs<br>P.O. Box 3569<br>Rancho Cucamonga, CA 91729-3569 | Frank M Pees<br>130 East Wilson Bridge Road<br>Suite 200<br>Worthington, OH 43085-2391 |
| Robert B Handelman<br>29 South Park Place<br>Newark, OH 43055-5505 | Theresa Elizabeth Magers<br>8245 Martinsburg Road<br>Saint Louisville, OH 43071-9751 | Todd Michael Magers<br>8245 Martinsburg Road<br>Saint Louisville, OH 43071-9751 |

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

| | | |
|---|---|---|
| Citibank<br>Attn: Bankruptcy<br>P.O. Box 20507<br>Kansas City, MO 64195 | (d)Citibank Sd, Na<br>Attn: Centralized Bankruptcy<br>P.O. Box 20363<br>Kansas City, MO 64195 | (d)Citibank/The Home Depot<br>Attn: Bankruptcy<br>P.O. Box 20507<br>Kansas City, MO 64195 |
| Dell Financial Services<br>Dell Financial Services Attn: Bankrupcty<br>P.O. Box 81577<br>Austin, TX 78708 | (d)Dell Financial Services, LLC<br>Resurgent Capital Services<br>PO Box 10390<br>Greenville, SC 29603-0390 | Discover Financial Services<br>P.O. Box 15316<br>Wilmington, DE 19850 |
| IRS<br>P.O. Box 931200<br>Louisville, KY 40293-1200 | | |

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

(u)Bank of America, NA

End of Label Matrix
Mailable recipients   59
Bypassed recipients    1
Total                 60